Thank you. I left the sheets, the record sheets, I left it on the way. Thank you. Good morning. This appeal is, the overriding thought and the overriding principle that I hope to get across to this court is, goes to the essence of hearsay and reliability of hearsay. And I'll explain that in more detail. It's a generalized statement. The exception under which the evidence in question came in, which I'll address in a second, was that there was a conspiracy theory that was used to justify the introduction of the evidence in question. That is a extended, bragging, sales pitch, bull by Mr. Raphael, who owned 32 vessels in the Bedford and was trying to pitch the sale of a $150 million fishing business to agents of the government. And in the course of doing that, he incriminated himself into a number of very serious crimes, including tax evasion, falsifying hundreds of thousands of pounds of fish identification, given the quotas and the type of licensing that was required. He falsified federal records, he owed cash smuggled, and there was tax evasion and there was conspiracy as well. As contrasted with that, this $150 million attempt, self-serving as obviously it was, my client was in a, and I looked for the right adjective, a subsidiary role, supposedly, according to the evidence that was finally developed. The evidence that was led in unmistakably allied Mr. Freitas, my client, with all of the nasty, illicit, conspiratorial, and salacious things that Raphael had done. Raphael went to jail for four years. My client is in the second half of a one-year term for having been convicted of bulk cash smuggling and structuring, which involved $17,500, totally qualitatively different than the manner in which Mr. Raphael, under the bug of the agents posing as Russian agents, told them what would happen. And it wasn't only a difference and a bit of a stretch, it was qualitatively different, and it was suggested throughout in at least a dozen places in the record, and apparently adopted by Judge Young when he referred to my client in the end as a corrupt person and that all his years in law enforcement, this took it all away because he was corrupt. What was said is that my client, who had a law enforcement badge, that he would meet Raphael at the airport on a regular basis, and when Raphael wanted to bring money to Portugal, the fruit of all of his illegal activities, he would meet my client before the TSA screening, and then my client would get through with the use of his badge, with the use of his badge, and then he would meet him in the men's room, and with several select adjectives by Mr. Raphael indicating that he had this person that was as been called. That was the content and the salaciousness of the evidence that was taken in, and of the conspiracy. And what was argued by the government, and by the way, the government, in the indictments, there were 26 counts against Raphael, two against Freitas, and they were for the single incident of carrying 17,500, not hidden, but in two separate knapsacks when he was going to France and then Portugal with his girlfriend to propose marriage to her, and apparently Raphael and he were acquainted, and Raphael at that point had asked him if he could take that money over. My client said, and took the position throughout, that he thought, stupidly, that bringing 17,500 dollars under those circumstances, half in his girlfriend's baggage, and the other half, not exactly half in his, was the legal way of doing it, and it was complying with the law. That's basically what he said. Again, a stupid conclusion, selling under the circumstances, especially given his otherwise exemplary career in law enforcement. But the point that I am making is that the Petrozello exception was applied in this case, and basically the theory being that this was one conspiracy, and conspiracy there was on the part of Raphael when he made all of these statements six months before Freitas made his fateful trip overseas with his girlfriend, but it was all used against him, and it is up to me at this point to try to make the point with this panel that the two conspiracies are not the same, that there is, in the words of the court, in the Donald Santos case, that there's a mixture, which I believe Judge Torrella was the author of that decision quite a few years ago, commenting in detail on what conspiracies were, and what a single conspiracy was, as opposed to multiple conspiracies, and that's at the heart of my argument. I am saying that the evidence that was let in of the Raphael conspiracy, going around security with a badge, is entirely different than a stupid mistake that Freitas made when he carried his cash over and subjected himself to the possibility of a structuring charge. Can you address your other argument, the instructions argument about conceal and structuring? That's part and parcel. Judge Young makes the two, and what he said is that even according to the language of the statute of smuggling cash, which talked about concealing it on your person, in your luggage, in your compartment, Judge Young came to the conclusion that no, the mere fact that you're trying to get away with bringing over $10,000 in, and if you do it in two separate people, two separate luggages, then that's concealing. What do you do about the conceal or disguise language that the government points to in the money laundering? Follow on steps. I'm sorry, I don't understand that question, Judge. The government says that there are other statutes that use the conceal or disguise. I have to say, and again, you have a civil lawyer here, not a criminal, but this is my occasion for this, the concealing. I would go by the words of the criminal statute that are very precise, and they talk about hiding it on your person. I'm paraphrasing now, in your luggage, in compartments, and it talks about a single person. It doesn't talk about a device that you use to avoid that and have two people bring under $10,000 in. Look at it one way. One could say that, again, one can understand, although not agree and not think that Freitas was making a very wise decision, especially as a law enforcement officer, but there's no suggestion in the record whatsoever that he used his badge, that he tried to hide the money from the TSA people. In fact, he went through the TSA. Did he get the whole $17,500 and then split it? He got the whole $17,500. It was split between him and his girlfriend. He said it was split. He split. I believe the evidence was that Freitas had given him two different, that Rafael had given him two envelopes, as opposed to his actually splitting it. But he was in possession of it. Pardon me? He was in possession of all of the envelopes. Well, he... And the government's position... I believe he was. And the government's position is that it is concealment in that he was trying to avoid detection of the whole amount. That's exactly what their position is. What's wrong with that? It doesn't fall within the criminal statute of embezzling money. Embezzling money says that you conceal it in your person. You're not concealing your intent or what you're after in the long run. You're concealing an actual physical act of how you're getting it past TSA. Just so I follow, there's an argument that you can't prove concealment by structuring. And then you're separately arguing he's also not guilty of structuring. I am not. Well, I'm saying he didn't get a fair jury shot at the conviction on structuring. He made a sufficiency challenge to the structuring conviction or not? Yes. And again, I do want a basis, Judge, if I have this conceptually correct in criminal law, that if the conspiracy evidence was led illegally and without... That's a challenge to the evidence. I'm just saying if you allow that evidence in, are you making a sufficiency challenge to the structuring? I thought you were and you agreed. I believe that it's not clear to me, to be very honest with the court, that structuring, that the division of money under those circumstances could not, in a correct way, with a case properly trialed, to a jury with a fair shot, for the defendant to make the case that he didn't try to evade the law, that it's possible that there could be a sufficient evidence for structuring. I think I need to be honest with you about that. But I say that in this case, this entire record is so complete, and I've got just a few seconds left, but the record has loaded a dozen times, perhaps, that this man used his credentials, used his badge to get around TSA, and that provided a toxicity that took him and swept him into a conviction where he had a subsidiary role because there was a variance between the conspiracy alleged and acted. But Donald Sancho's case is very, very significant to my argument. I don't think I've cited in the brief, but I ask the court to consider that. Before you sit down, as I understand it, count 28, you were charged on the count 27 and the count 28. Yes. Count 28 is specifically dealing with structuring. It is. So if he engages structuring, if a jury found uncontaminated evidence that he had structured, I don't think I'd be here making an argument that there'd be insufficient evidence. But it's absolutely thoroughly contaminated by everything that the government did constantly. Plus, they charged aiding and abetting in the first place, and then they abandoned it just before the case went to the jury because the aiding and abetting would have been based on this badge business, aiding and abetting Raphael to get bad money, $17,500 over Europe. But they abandoned it, and they said, no, this stands on its own. It's Freitas that committed the offenses, not Raphael. I just need to pin down what your argument is. So you're saying that the toxicity, the structuring conviction is fine? If a jury convicted him, he's got a right to have a jury consider whether he was right that he didn't believe it evaded the law or whether it didn't. But that was totally taken from him by Judge Young and the prosecution in this case. Can I ask in a different way? If you lose on your piercing challenge, do you have any other challenge to the structuring conviction? I believe not. But you have a second challenge. I invite the court to overrule me on that. But you challenge, you what? I invite the court to overrule me on that. Overrule my concession. Well, a simple way to do that without us having to overrule it is that you don't make the concession. For the record, Judge, I withdraw the concession if I'm permitted to do that. I'm a little bit confused now. Are you saying that if you lose on the count 27 issue, you also lose on the structuring? No, I don't concede that either. I think they're separate. I think in some way they're connected. And the marriage of those two offenses by Judge Young left nothing for this jury to do other than to convict Mr. Furious. Thank you. Thank you very much. Mr. Corbin, good morning. And I have a question. Introduce yourself first. Good morning, Judge Schramm. May I please the court mark my moment for the United States? Yes. I'm sorry to jump into this so fast, but this is a criminal statute. Well, one of these criminal statutes, the count 27 one, is one that I have questions on. Absolutely. It's a criminal statute. It speaks about carrying the contraband on the person. Judge, you're right. It does say that, but it also says, if you look at it, and I'm pointing to 5332A1, it's concealment on the person or in any conveyance, piece of luggage. And then, importantly, if you then go down to 5332A2, it specifically defines concealment on the person to be concealment basically on any part of the person's body or in any piece of luggage or a backpack. So if you take those two paragraphs together, concealment on the person means, you know, concealment on any part of the person's body or on any specific type of luggage that that person is. He would be carrying. That person would be carrying. But then you have 5332A1. That's a different statute. No, no, no. No, wait a minute. You're going down to the structuring issue. No, Judge Schramm. I'm sorry. Respectfully, I'm not, because, again, if you go to the plain text of 5332A1, it says to conceal on the person or in any conveyance, piece of luggage, et cetera. You then go to the next paragraph, 5332A2, that makes clear that concealment on the person encompasses that person's luggage, backpack. So if you then go back to the statutory text in 5332A1, or in any, and again, Congress using the broad language, any conveyance, piece of luggage, necessarily means that that could be some other individual's luggage or conveyance, not necessarily the individual who's charged with the offense. It seems a little vague to me that you were including other persons' luggage when you were specifically talking about the person that you were charging. Well, Judge Troy, respectfully, I don't think it's vague, because I think Congress meant to broadly encompass, when they were looking at bulk cash smuggling, they wanted to, they recognized that that can be accomplished in many different ways. For example, an individual, and again, take the structuring element out, an individual could have the $17,500 in his companion's, for example, in Ms. Lima's luggage. And so long as it satisfies the conceals element, Congress intended that to be encompassed within bulk cash smuggling. Could you read the statute the way I'm interpreting it, if you just read it, without the explanation you just gave me? I don't think so, Judge Troy, no, because I think, again, you have to read, when it says conceals on the person in 5332A1, conceals on the person is specifically defined in 5332A2. And that is specifically defined to be on that person's, anywhere on that person, or that person's luggage, or that person's backpack. And so, if you go back to 5332A1, when it says any conveyance piece of luggage, that necessarily has to mean, allowed for, I'm sorry, I'm sorry. As usual, I stopped before I should have, because it says, in other luggage, carried by such individuals, so the same person's luggage, the way I read this, is the one that has to be added up to come up with the amount. That's, again, Judge Troy, if you read those two paragraphs together, when, because conceal, that construction, respectively, I think would render 5332A2 a nullity, because you would then be, 5332A2, again, specifically defines what Congress meant by conceals on the person. And that's distinct from the broader language in 5332A1. Why do you need conceals on the person at all under your theory? We don't. I just... Who knows, but why did Congress need to include it on your reading of the statute? I think just to make, I think to clarify that... But your reading, if it just said, when we evaded, and seriously, knowingly, more than $10,000 in any conveyance, article, luggage, merchants, or other container, wouldn't that be enough? Judge Barrett, yes, I think it would be enough. It's not enough, because they added this other thing. And I think it was intended to clarify what conceals on the person. My reading is that what Congress wanted to make clear, exactly, that it doesn't have to be the sole individual's luggage, that it could be somebody else's. And, again, that makes perfect sense, because... Well, carried by such individuals, they're talking about the same person all along. They're not talking about third persons. Respectfully, Judge Schreyer, I don't think you can read that phrase... I should read it. I understand. I think a better way to say it is I don't think that interpretation accords, again, with the best, to harmonize those two sections. Is that because the language he's reading only is a definition of conceal on the person? Yeah, I believe... And so you're saying that the other language of what follows the or in any conveyance then isn't subject to that definition of such a person? I believe that's right, Judge Barrett. And just... That has to be right for you to be right, right? I, you know, I'd have to... Let me just pull up the statute just to make sure I'm... Well, your argument has to be your argument. You're saying that it defines the means that this is going on the person. On the person, yes, I... Yes, I think that's exactly... It's on the person of such individual, and then the statute goes on to say or in any... Yes, and... Is it clear that it doesn't? I believe we... I believe it's clear in itself under ordinary statutory construction, but I think... If you're right, then every structuring charge is also a charge under this statute. No, that's not because the structure... Because there are some forms of structuring that are not encompassed by the statute. A classic example would be wire transferring. The wire transfer of two separate transactions of $9,000 and $8,500 outside the country. Not a convenience. I'm not sure that would... That would not be a convenience if there was a coterminant. I, you know, I haven't checked on whether that would satisfy that, but there are... There are some forms of structuring that would not be covered by this, and then conversely, all structuring... Or, you know, all the cash necessarily would be... So it's just whether the structure becomes irrelevant. That's right. I don't think so, and ultimately I think... I will point out that all of this is an argument that my friend has not made. The argument he did make was that conceals... That the district court erred by instructing the jury that conceals encompasses structure. It was not this particular parsing of the statute. But, you know, because Congress didn't define conceals in the statute, you look to the ordinary meaning of the language. I think, as we pointed out in our brief, the ordinary meaning of conceals to disguise something is... The term structuring comfortably fits within that. And then under the prior construction canon, you do have the fact that courts had interpreted the analogous frame conceals are disguised in the money laundering statute to encompass structuring. And I think what's particularly relevant about those cases... It was only because Congress amended the law to specifically include structuring. Originally they didn't include it, and this court found it invalid before they defined that structuring was part of the statute. I agree with Judge Sharaia, but I think the point I guess I'm trying to make is that when Congress enacted this statute in 2001, it did it against a backdrop of cases in which courts had interpreted the analogous term in the money laundering statute to encompass structuring. And Congress specifically passed, as we noted in our brief, the bulk cash smuggling statute to augment the penalties in the money laundering statute, i.e. they specifically had that statute in mind when they enacted the bulk cash smuggling statute. Just let me say, if I take $9,000 and hire one more person, and I take $2,000 and put it in my friend's suitcase, is that structuring? It's structuring if it's intended to evade a relevant reporting requirement. And is it also not a violation of this statute? If you're doing it and taking the money inside or outside the United States and also with a specific intent to evade a reporting requirement, yes. So in other words, the two statutes, they have conduct that is not covered by each other, but this is an example of a case in which the very same conduct constitutes a violation of both statutes. I took most of your time. Do you need any more? I just wanted to clarify one point. We cited on this point, we cited a number of cases about the interpretation of concealer disguise. I do want to clarify, the Patriot Act was passed on October 26, 2001. A couple of the cases we cited post-dated that decision, so necessarily under the prior construction canon. I'm not sure those cases would apply, but I think the larger point still remains. Does that create any constitutional problem if it does overlap in that way, exact same conduct? It would raise a constitutional problem if he was tried separately under the double jeopardy clause. But there are any number of instances in which if a defendant is tried in the very same prosecution for conduct that violates several different statutes, it would not raise a constitutional question, Judge Barron. Thank you. Thank you. Mr. Muir, we gave the government a little more time. Do you need any more time? Only to cite the Dela Sancho's case. I heard that. For those who, it's F649, F30109. Thank you very much. Thank you. You might file a 28 day letter. It would be the best way of doing it. I will. Thank you.